**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION**

| | |
|---|---|
| IN RE | |
| ALBEN BARKLEY CONLEY<br>INIS S. CONLEY | CASE NO. 17-70597 |
| DEBTORS | |
| UNITED STATES TRUSTEE | PLAINTIFF |
| V. | ADV. NO. 18-7005 |
| ALBEN BARKLEY CONLEY<br>INIS S. CONLEY | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO INTERVENE AND GRANTING MOTION TO DISMISS**

This matter is before the Court on:

(1) the Plaintiff United States Trustee's Motion to Dismiss Complaint Objecting to Discharge (11 U.S.C. § 727) Under Federal Rule of Bankruptcy Procedure 7041 [ECF No. 8 ("Motion to Dismiss")] and the Intervening Plaintiffs' Objection to United States Trustee's Motion to Dismiss [ECF No. 10] filed by the Creditors Thomas and Pamela Green; and

(2) Motion of Creditors Thomas and Pamela Green to Intervene and To Be Substituted for the U.S. Trustee as Plaintiffs [ECF No. 9 ("Motion to Intervene")] and the Defendant Debtors' Objection to Motion to Intervene [ECF No. 15].

Following a hearing on November 20, 2018, the matter was taken under submission. For the reasons stated herein, the Motion to Intervene is denied and the Motion to Dismiss is granted.

I.    FACTS.

The Debtors Alben Barkley Conley and Inis S. Conley filed a chapter 7 petition on September 5, 2017. The Creditors Thomas and Pamela Green filed Proof of Claim No. 3 for a debt of $3,673,798.87 secured by "real estate and other assets" with an unknown "unliquidated deficiency" on November 14, 2017.[1]

In November of 2017, the Greens moved for a Federal Rule of Bankruptcy Procedure[2] 2004 examination. [Case No. 17-70597, ECF No. 18 ("Motion for 2004 Examination").] The Greens also asked for an extension of time to object to entry of the Debtor's discharge pursuant to § 523 and/or § 727. [*Id.* at ECF No. 19.] The Greens alleged the Debtors' schedules, and responses at the first meeting of creditors, were unclear and inadequate. They asked for additional time to investigate the Debtors' assets to determine whether there was a basis to object to discharge. Possible reasons included making materially false representations, misuse of loan proceeds, and the failure to disclose, or concealing or misrepresenting, valuable assets. The extension of time was granted and the Motion for 2004 Examination was resolved by agreed order. [*Id.* at ECF Nos. 20 & 29.]

On December 13, 2017, the United States Trustee moved for a Bankruptcy Rule 2004 examination of the Debtors to investigate their business, Salyersville Loan Company, and their real and personal property. [*Id.* at ECF No. 37.] The request was granted without opposition on December 14, 2017. [*Id.* at ECF No. 39.]

---

[1] The Greens amended their proof of claim on February 22, 2018, to reduce the claim to $3,382,942.12 and note: "Creditor's Secured Status subject to objection; Value of real estate uncertain."

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to the Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule ___" and references to the Federal Rules of Civil Procedure appear as "Civil Rule ___."

The original deadline to object to the Debtors' discharge was December 5, 2017. [*Id.* at ECF No. 5.] The deadline was extended several times by agreed order [*Id.* at ECF Nos. 57 & 89] and motion [*Id.* at ECF Nos. 115 & 116] while the parties litigated the chapter 7 trustee's objection to the Debtors' claimed exemptions, the Debtors' objection to the Greens' proof of claim, and the chapter 7 trustee's motion for leave to sell most of the Debtors' scheduled real property to the Greens. [*Id.* at ECF Nos. 40-45, 48, 51-52, 56, 59-60, 65, 68, 74-74, 80-81 (objection to exemptions); 53, 66, 77 (objection to proof of claim); 100-103, 106, 108-109, 111, 118, 120, 122 (motion to sell).]

The final deadline to object to discharge was August 3, 2018. [*Id.* at ECF No. 116.] On August 3, the United States Trustee filed a complaint initiating this adversary proceeding seeking a judgment that the Debtors are not entitled to a discharge pursuant to § 727(a)(2)(A) (concealment), § 727(a)(3) (failure to maintain records), § 727(a)(4) (false oaths), and § 727(a)(5) (failure to explain). [*Id.* at ECF No. 123.] The Greens did not take any further action to extend the deadline to object to the Debtors' discharge or file their own complaint seeking a dischargeability determination.

An Order for Trial was entered on August 7, 2018, and a trial scheduled for December 18, 2018. [ECF No. 4.] The Debtors answered the Complaint on September 6, 2018. [ECF No. 7.] One month later, the United States Trustee filed the underlying Motion to Dismiss representing that, "[u]pon further examination of the case, the United States Trustee believes the Debtors likely did not act with the fraudulent intent required for the court to deny their discharge under § 727." [ECF No. 8.]

The Greens objected to the Motion to Dismiss and seek to intervene in this adversary proceeding. [ECF No. 9 & 10.] Pretrial deadlines and the trial were continued to allow a decision on the requests for dismissal and intervention. [ECF No. 22.]

## II.     ANALYSIS.

### A.  The Request for Dismissal Is Properly Filed.

The United States Trustee moves to dismiss his complaint under § 727 pursuant to Bankruptcy Rule 7041. Bankruptcy Rule 7041 incorporates Civil Rule 41, which requires court approval when voluntary dismissal is sought after an answer or a motion for summary judgment is filed. FED. R. BANKR. P. 7041; FED. R. CIV. P. 41.

Complaints objecting to discharge are different than other causes of action because an adversary proceeding brought pursuant to § 727 affects all parties in interest, not just the plaintiff. By filing a complaint objecting to discharge, the plaintiff pursues the action based on his own interest and for the benefit of all creditors. Therefore, Bankruptcy Rule 7041 requires that "a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper." FED. R. BANKR. P. 7041. Notice to all creditors protects against the possibility of collusion or dismissal based on an improper purpose. *See, e.g., Bankruptcy Receivables Mgmt. v. De Armond (In re De Armond)*, 240 B.R. 51, 57 (Bankr. C.D. Cal. 1999) (Bankruptcy Rule 7041 is tailored to prevent dismissal or resolution for an improper purpose).

All creditors received notice of the United States Trustee's intent to dismiss this case as required by Bankruptcy Rule 7041. Generally, this is sufficient to grant the Trustee's request absent evidence of some impropriety. *See McVay v. Perez (In re Perez),* 411 B.R. 386, 399-400

4

(D. Colo. 2009) (The primary focus in examining a United States Trustee's request to dismiss a § 727 action because the complaint lacks merit is notice to creditors.). Dismissal did not immediately occur because the Greens seek intervention instead of dismissal.

### B. The Greens are Not Entitled to Intervene as a Matter of Right.

The Greens seek permission to intervene pursuant to Civil Rule 24, made applicable by Bankruptcy Rule 7024. The Greens argue they may intervene as a matter of right because they are creditors with an interest in preventing the Debtors' discharge of their unsecured claim. The Greens believe their interests are no longer protected because the United States Trustee has moved to dismiss the case and the deadline to object to dischargeability has expired.

Civil Rule 24(a) addresses a movant's ability to intervene as a matter of right. It provides:

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a). As movants, the Greens must show: (1) the motion to intervene was timely; (2) they have a substantial legal interest in the subject matter of the case; (3) their ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court do not adequately represent their interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999).

The Greens have a substantial legal interest in the potential discharge of their unsecured claim. Also, the deadline to object to the discharge expired on August 3, so the Greens cannot

5

file a dischargeability action if this case is dismissed. But the Greens have not provided any evidence or argument that suggests their interests were not adequately represented by the United States Trustee.

The United States Trustee protects the interests of all creditors as a neutral fiduciary when acting as a plaintiff in a § 727 action. *See In re Perez,* 411 B.R. at 399 (United States Trustee is a neutral fiduciary in a § 727 action); *In re De Armond*, 240 B.R. at 57 (a plaintiff who brings who brings a § 727 action is a fiduciary that acts for all other creditors); *see also* 28 U.S.C. § 586 (duties of the United States Trustee); *In re Cooper*, 302 B.R. 633,637 (Bankr. N.D. Iowa 2003) (United States Trustee has statutorily imposed duty to object to debtor's discharge if discharge is unwarranted); *In re Parker*, 186 B.R. 208, 210 (Bankr. E.D. Va. 1995) (same). This creates a presumption of adequacy of representation that the Greens can only overcome with concrete evidence of an adverse interest, collusion, or a failure to fulfill a duty. *See In re Thompson*, 965 F.2d 1136, 1142-1143 (1st Cir. 1992); *see also Purnell v. City of Akron*, 925 F.2d 941, 949-950 (6th Cir. 1991) (where a proposed intervenor and a party to the suit have the same objective, the burden is on the intervenor to overcome a presumption of adequate representation); *Heyman v. Exchange Nat'l Ban*k, 615 F.2d 1190, 1194 (7th Cir. 1980) (debtor did not meet "heavy burden" of proving inadequacy of chapter 7 trustee's representation for recovery of voidable preference); *In re Family Christian, LLC* 530 B.R. 417, 426 (Bankr. W.D. Mich. 2015) (presumption of adequate representation arises when a putative intervenor shares the same ultimate objective as a party to the suit); *In re Baker*, 22 B.R. 791, 793 (Bankr. D. Mid. 1982) (a trustee adequately represents the interests of the creditor where there is no showing of improper purpose).

The Greens do not suggest the United States Trustee did anything wrong; they merely assert that their interests are not protected if the lawsuit is dismissed. That argument does nothing to satisfy their heavy burden to address the adequacy of the representation that they received from the United States Trustee. Further, the record verifies the Trustee acted in the best interests of the creditors.

The United States Trustee explained the scope of the investigation throughout this case at the November 20 hearing. An inquiry was required because the Debtors' description of their properties on their schedules made it difficult to connect the scheduled property to the relevant land records. This confusion was exacerbated by prior title work that was also unclear. Once the Debtors provided the United States Trustee with additional discovery, the confusion was resolved.

The United States Trustee determined there were only two properties that the Debtors failed to explicitly disclose. One of those properties was disclosed in discovery unprompted by the United States Trustee. The other property was referred to by a name similar to a previously-disclosed piece of property, allowing the possibility that the lack of disclosure was not intentional. Further, the Debtors only owned a portion of the second undisclosed parcel valued at $10,000.00 and a third party paid the taxes.

This information lead to a decision that the facts did not support a finding of fraudulent intent and dismissal is required. The Greens disagree, but opposition without a basis in fact or law does not equate to inadequate representation. *See Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). The Greens have failed to overcome the presumption that that the United States Trustee adequately represented them. Therefore, the Greens are not entitled to intervene as a matter of right pursuant to Bankruptcy Rule 7024(a)(2).

### C.    The Greens' Request for Permissive Intervention is Denied.

The Greens alternatively argue the Court should exercise its discretion to allow them to intervene pursuant to Civil Rule 24(b), incorporated by Bankruptcy Rule 7024. A movant may seek to intervene if the movant "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). Permissive intervention is discretionary. *Blount-Hill v. Zelman*, 636 F.3d 278, 287 (6th Cir. 2011). Factors to consider should include "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

There are common questions of law and fact because the Greens would step into the shoes of the United States Trustee. But the Green's desire to see the lawsuit continue is not supported by the record in this case. The deadline to object to discharge was extended nine months to let the United States Trustee and the Greens perform an examination of the Debtors' actions. The record in the main case reflects the Greens' active involvement in this process. Also, the dispute between the Debtors and the Greens began years ago and ultimately led to the bankruptcy filing.

The Greens could have filed their own adversary proceeding or sought to intervene when the United States Trustee filed this proceeding. Instead, they allowed the United States Trustee to represent their interests. The Greens have provided no reason to doubt the United States Trustee's assessment of the evidence and likelihood of success on the merits. Therefore, allowing the lawsuit to proceed prejudices the Debtors and wastes judicial resources. The equities do not support allowing the Greens to intervene under Civil Rule 24(b).

**III.     CONCLUSION.**

The United States Trustee provided proper notice of dismissal to all creditors and there are no allegations or evidence of an improper purpose. The United States Trustee has adequately represented the interests of the Greens and other creditors in his investigation. Therefore, dismissal is appropriate.

Based on the foregoing, it is ORDERED:

(1)     The Motion of Creditors Thomas and Pamela Green to Intervene and To Be Substituted for the U.S. Trustee as Plaintiffs [ECF No. 9] is DENIED;

(2)     The Plaintiff United States Trustee's Motion to Dismiss Complaint Objecting to Discharge (11 U.S.C. § 727) Under Federal Rule of Bankruptcy Procedure 7021 [ECF No. 8] is GRANTED; and

(3)     This case is DISMISSED.

9

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Friday, December 14, 2018
(grs)